```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 1/13/2021
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CITY MERCHANDISE INC.,

                Plaintiff,

-against-

TIAN TIAN TRADING INC. and WEIWEI LIN,

                Defendants.

1:19-cv-09649-MKV

OPINION AND ORDER GRANTING
MOTION TO WITHDRAW

MARY KAY VYSKOCIL, United States District Judge:

Before the Court is a second Motion to Withdraw filed by Curt Donald Schmidt, counsel for Defendants ("Schmidt"). (Mot. Withdraw [ECF No. 33]; Ex Parte Mot. Withdraw [ECF No. 32].) The Court denied without prejudice Schmidt's earlier *ex parte* Motion to Withdraw because the redactions were overbroad. (Order [ECF No. 29].) For the reasons discussed below, the Court GRANTS Schmidt's Motion to Withdraw.

## BACKGROUND

### A. Procedural Background

On March 4, 2020, Schmidt filed a Motion to Withdraw, along with a Letter Motion to Seal the Motion to Withdraw. (Mot. Withdraw [ECF No. 26]; Ex Parte Mot. Withdraw [ECF No. 25]; Letter Mot. Seal Mot. Withdraw [ECF No. 24].) Counsel for Plaintiff filed a letter in opposition. (Letter Resp. [ECF No. 27].) On March 26, 2020, the Court issued an Order denying without prejudice the Motion to Withdraw, finding redactions to be far more broad than necessary. (Order [ECF No. 29].) In addition, the Court ordered the parties to appear for a status conference on April 21, 2020, to discuss the Motion to Withdraw and the Letter Motion to Seal the Motion to Withdraw. (*Id.*) On April 27, 2020, after the status conference, the Court issued an Order directing Schmidt to file either (1) a renewed motion to withdraw with more appropriate redactions along

with a new motion to seal or (2) a letter confirming that he has spoken with Defendants and updating the Court as to whether Defendants have secured substitute counsel. (Order [ECF No. 30].) The Court also reminded Defendant Tian Tian Trading Inc. that, as the Court had advised at the conference, as a corporate defendant it cannot appear *pro se*. (*Id.*)

On April 30, 2020, Schmidt filed the pending Motion to Withdraw, with an accompanying Letter Motion to Seal the Motion to Withdraw. (Mot. Withdraw [ECF No. 33]; Ex Parte Mot. Withdraw [ECF No. 32]; Letter Mot. Seal Mot. Withdraw [ECF No. 31].) On May 10, 2020, Plaintiff filed a letter in response opposing both the Motion to Withdraw and the accompanying Letter Motion to Seal the Motion to Withdraw. (Letter Resp. [ECF No. 34].) On May 11, 2020, the Court issued an Order granting the Letter Motion to Seal. (Order [ECF No. 35].)

**B. The Present Motion**

In the Motion to Withdraw, Schmidt attests that "the conflict between the undersigned attorney and . . . the Defendants over case strategy is insurmountable, that there is currently a breakdown in communication between attorney and client, and that the Defendants have explicitly ended the attorney-client relationship." (Mot. Withdraw ¶ 5.)[1] In particular, he states that there are "significant disagreements . . . between the Defendants and their undersigned counsel over the conduct of the defense of this litigation." (*Id.* ¶ 2.) He also claims that on February 27, 2020, he learned that "no further representation was authorized." (*Id.* ¶ 3.) Upon learning this, Schmidt informed Ms. Lin, a representative of Defendant Tian Tian Trading Inc., that he would apply to the Court to "be relieved from any further representation of the Defendants in this matter." (*Id.* ¶ 4.) Schmidt states that Ms. Lin "acknowledged that she was choosing to terminate the attorney client relationship." (*Id.* ¶ 4.)

---

[1] The Court quotes and references only the redacted version of Schmidt's Motion to Withdraw filed publicly on the docket.

2

In its opposition letter, Plaintiff argues that Schmidt has not satisfied Local Rule 1.4 by failing to provide a description of the posture of the case and not asserting whether his firm is asserting a retaining or charging lien. (Letter Resp. 1.) In addition, Plaintiff notes multiple disclosure and discovery failures that remain unaddressed during Schmidt's representation, which Plaintiff claims "appear to be intended to hinder Plaintiff's right to discoverable information." (*Id.* at 1 n.1.) Plaintiff also argues that Schmidt has failed to comply with the Court's April 27 Order by not informing Defendant Tian Tian Trading Inc. that it cannot proceed *pro se* and that Schmidt failed to confirm that he discussed the Motion to Withdraw with Defendant Weiwei Lin. (*Id.* at 2.)

## **LEGAL STANDARD**

Local Rule of the Southern District of New York 1.4 provides:

> An attorney who has appeared as attorney of record for a party may be relieved or displaced only by order of the Court and may not withdraw from a case without leave of the Court granted by order. Such an order may be granted only upon a showing by affidavit or otherwise of satisfactory reasons for withdrawal or displacement and the posture of the case, including its position, if any, on the calendar, and whether or not the attorney is asserting a retaining or charging lien.

District courts have broad discretion in deciding a motion to withdraw. *See Whiting v. Lacara*, 187 F.3d 317, 320 (2d Cir. 1999); *see also Bruce Lee Enters., LLC v. A.V.E.L.A., Inc.*, No. 1:10 C 2333 (MEA), 2014 WL 1087934, at *1 (noting that "it is well-settled that a court has 'considerable discretion in deciding a motion for withdrawal of counsel'" (quoting *SEC v. Pentagon Capital Mgmt. PLC*, No. 08 Civ. 3324 (RWS), 2013 WL 5815374, at *4 (S.D.N.Y. Oct. 29, 2013))). In deciding whether to grant a motion to withdraw under Local Rule 1.4, courts consider two factors: "the reasons for withdrawal, and the impact of the withdrawal on the timing of the proceeding." *Marciano v. DCH Auto Grp.*, No. 11-CV-9635 (KMK), 2016 WL 11703590, at *1 (S.D.N.Y. Feb. 2, 2016) (quoting *Callaway Golf Co. v. Corp. Trade Inc.*, No. 10-CV-1676, 2011 WL 2899192, at

3

*2 (S.D.N.Y. July 6, 2011)); *see also Whiting*, 187 F.3d at 320 (noting that district courts "typically consider[] whether 'the prosecution of the suit is [likely to be] disrupted by the withdrawal of counsel" (quoting *Brown v. Nat'l Survival Games, Inc.*, No. 91–CV–221, 1994 WL 660533, at *3 (N.D.N.Y. Nov. 18, 1994))).

As to the reasons for withdrawal, "[i]t is well-settled that a lawyer may seek to withdraw when the client renders it unreasonably difficult for the lawyer to carry out such employment effectively." *Farmer v. Hyde Your Eyes Optical, Inc.*, 60 F. Supp. 3d 441, 445 (S.D.N.Y. 2014) (quoting *United States v. Lawrence Aviation Indus.*, No. 06–CV–4818 (JFB)(ARL), 2011 WL 601415, at *1 (E.D.N.Y. Feb. 11, 2011)). "Satisfactory reasons for withdrawal include 'a client's lack of cooperation, including lack of communication with counsel, and the existence of irreconcilable conflict between attorney and client.'" *Id.* (quoting *Naguib v. Pub. Health Sols.*, No. 12–CV–2561 (ENV)(LB), 2014 WL 2002824, at *1 (E.D.N.Y. May 15, 2014)).

In weighing the impact of the withdrawal on the proceeding, courts consider the "immediacy and degree of potential harm—whether to the client, the lawyer or the judicial system—from the continuation of the representation . . . together with the impact that the grant of the motion to withdraw would have on the progress of the case." *Szulik v. Tag V.I., Inc.*, No. 12 Civ. 1827(PKC), 2013 WL 6009945, at *1 (S.D.N.Y. Nov. 13, 2013). Courts generally gauge such impact on the status of discovery. *See Marciano*, 2016 WL 11703590, at *2 (collecting cases). "Where discovery has not yet closed and the case is not on the verge of trial readiness, prejudice is unlikely to be found." *Id.* (quoting *Winkfield v. Kirschenbaum & Phillips, P.C.*, No. 12-CV-7424, 2013 WL 371673, at *1 (S.D.N.Y. Jan. 29, 2013)).

Courts typically "look to New York Rules of Professional Conduct for guidance on motions to withdraw." *Szulik*, 2013 WL 6009945, at *1 (citing *Joseph Brenner Assocs. v. Starmaker Entm't, Inc.*, 82 F.3d 55, 57 (2d Cir. 1996)). These Rules distinguish between permissive grounds

for withdrawal and mandatory grounds for withdrawal. *Id.* When a client discharges the attorney and terminates the attorney-client relationship, withdrawal is mandatory. *See* 22 N.Y.C.R.R. § 1200 (Rule 1.16(b)(3)).

The Second Circuit has recognized that "there are some instances in which an attorney representing a plaintiff in a civil case might have to withdraw even at the cost of significant interference with the trial court's management of its calendar." *Whiting*, 187 F.3d at 321. Termination of the attorney-client relationship by the client is one such instance. *See Awolesi v. Shinseki*, 31 F. Supp. 3d 534, 538 (W.D.N.Y. 2014). Thus, "[e]ven where a local court rule requires a court order to withdraw, 'when counsel has been discharged—and agreed to the termination—the order to withdraw should issue except under the most compelling circumstances.'" *Id.* (quoting *Casper v. Lew Lieberbaum & Co.*, No. 97 Civ. 3016(JGK)(RLE), 1999 WL 335334, at *4 (S.D.N.Y. May 26, 1999)).

Finally, district courts have "inherent authority to determine when to overlook or excuse a departure from its own local rules, regardless of whether such departure is authorized in the local rules or not." *Phx. Global Ventures, LLC v. Phx. Hotel Assocs., Ltd.*, 422 F.3d 72, 75 (2d Cir. 2005) (citing *Somlyo v. J. Le-Rob Enters., Inc.*, 932 F.2d 1043, 1048–49 (2d Cir. 1991)); *see also Hayles v. Aspen Props. Grp., LLC*, No. 1:16-cv-08919-MKV, 2020 WL 5764371, at *6 (S.D.N.Y. Sept. 28, 2020) ("A district court has broad discretion to determine whether to overlook a party's failure to comply with local court rules." (quoting *Holtz v. Rockefeller & Co., Inc.*, 258 F.3d 62, 73 (2d Cir. 2001))). Indeed, the Supreme Court has recognized that "district courts have the inherent authority to manage their dockets and courtrooms with a view toward the efficient and expedient resolution of cases." *Dietz v. Bouldin*, ___ U.S. ___, 136 S. Ct. 1885, 1892–93, 195 L.Ed.2d 161 (2016) (collecting cases).

**DISCUSSION**

As a threshold matter, Plaintiff is correct in noting Schmidt's failure to comply with Local Rule 1.4.  Schmidt's Motion addresses neither the procedural posture of the case nor whether Schmidt is asserting a retaining or charging lien.  *See* S.D.N.Y. Local Rule 1.4.  Notwithstanding these procedural defects, the Court finds that there is good reason to address the merits of Schmidt's Motion at this juncture, since denying the Motion again with leave to permit Schmidt to cure the defects would only delay the litigation further.  *See Phx. Global Ventures, LLC*, 422 F.3d at 75; *see also Dietz*, 136 S. Ct. at 1892–93.

Turning to the merits, the Court concludes that there are sufficient reasons to allow withdrawal here.  First and foremost, Defendants have terminated the attorney client relationship.  (Mot. Withdraw ¶ 4.)  Such action is a ground for mandatory withdrawal under Rule 1.16(b)(3) of the New York Rules of Professional Conduct.  *See* 22 N.Y.R.C.C. § 1200.0.  Under these circumstances, denying Schmidt's Motion and requiring Schmidt's continued representation of Defendants "would be forcing an attorney to violate ethical duties and possibly to be subject to sanctions."  *Whiting*, 187 F.3d at 321.

Second, Schmidt claims that his disagreements with Defendants over case strategy are "insurmountable" and that "there is currently a breakdown in communication between attorney and client."  (Mot. Withdraw ¶ 5.)  Several courts have found that serious disagreements over litigation strategy and a breakdown in communication between attorney and client are grounds sufficient for withdrawal.  *See Whiting*, 187 F.3d at 322 (finding that "appellee's desire both to dictate legal strategies to his counsel and to sue counsel if those strategies are not followed places [counsel] in so impossible a situation that he must be permitted to withdraw"); *Marciano*, 2016 WL 11703590, at *2 (granting motion to withdraw given the "complete rupture" and "breakdown in attorney-client relationship"); *Naguib*, 2014 WL 2002824, at *1 (granting motion to withdraw

where plaintiff "fail[ed] to cooperate in the litigation process" and "the attorney-client relationship ha[d] broken down"); *Liang v. Lucky Plaza Rest.*, No. 12-CV-5077, 2013 WL 3757036, at *2 (S.D.N.Y. July 17, 2013) (granting motion to withdraw given the client's failure to cooperate in the prosecution of the case); *Munoz v. City of New York*, No. 04-CV-1105, 2008 WL 2843804, at *1 (S.D.N.Y. July 15, 2008) (finding "good cause for withdrawal based on the lack of communication with the plaintiff and the acrimonious relationship that ha[d] developed between the law firm and the plaintiff" (citation omitted)).

Finally, the Court finds that Schmidt's withdrawal will not unduly prejudice the judicial system or the progress of the case. Plaintiff puts forth no compelling reason why the Court should not permit Schmidt to withdraw in light of Defendants' termination of the attorney-client relationship. *See Awolesi*, 31 F. Supp. 3d at 538 (quoting *Casper*, 1999 WL 335334, at *4); *cf. Bruce Lee Enters.*, 2014 WL 1087934, at *1 (denying motion to withdraw despite the client's termination of the attorney-client relationship given the absence of a reasonable explanation for the firing, which suggested that the termination was calculated to postpone the impending trial for a third time).

Although the discovery deadlines initially set by the Court have passed, Plaintiff itself emphasizes that there are discovery issues that remain outstanding. (Letter Resp. 2 n.4.) In all events, this case "is not on the verge of trial readiness." *Marciano*, 2016 WL 11703590, at *2 (quoting *Winkfield*, 2013 WL 371673, at *1). For example, Plaintiff claims that Defendants have failed to respond to document demands concerning Defendant Weiwei Lin's role at Tian Tian Trading Inc., among other issues. (Letter Resp. 2 n.4.) While Plaintiff characterizes Schmidt's Motion as "a pre-text" and accuses Schmidt and Defendants of attempting "to hinder Plaintiff's right to discoverable information" (*id.* at 1 n.2, 2), the outstanding discovery issues will need to be addressed before the case can proceed. Accordingly, the Court finds that the reasons for the

withdrawal outweigh any impacts the withdrawal might have on the progress of the case. *See Blue Angel Films, Ltd. v. First Look Studios, Inc.*, No. 08-CV-6469, 2011 WL 672245, at *2 (S.D.N.Y. Feb. 17, 2011) (granting motion to withdraw where the case was "not on the verge of being tried" and "[h]olding counsel in th[e] proceeding [would] do nothing to speed the litigation"); *Brown*, 1994 WL 660533, at *3 (concluding that granting the motion to withdraw would "not likely cause undue delay" where discovery was incomplete and the case was not scheduled for trial).

Corporate Defendant Tian Tian Trading Inc. is once again reminded that it cannot proceed *pro se*. *See, e.g.*, *Grace v. Bank Leumi Trust Co. of N.Y.*, 443 F.3d 180, 187 (2d Cir. 2006) ("[I]t is well-settled law that a corporation may appear in the federal courts only through licensed counsel . . . ."); *Pecarsky v. Galaxiworld.com Ltd.*, 249 F.3d 167, 172 (2d Cir. 2001) ("As a corporation, appellant, Galaxiworld, could only appear with counsel.").

## CONCLUSION

Based on the foregoing, the Court GRANTS the Motion to Withdraw. The Clerk of Court is respectfully requested to close docket entries 25, 26, 32, and 33.

Because corporate Defendant Tian Tian Trading Inc. cannot appear *pro se*, substitute counsel must enter an appearance in this case on or before February 12, 2021.

**SO ORDERED.**

**Date:  January 13, 2021**              **MARY KAY VYSKOCIL**
       **New York, NY**                   **United States District Judge**