```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:  2/28/2022
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

CITY MERCHANDISE INC.,

                Plaintiff,

             -against-

TIAN TIAN TRADING INC. and WEIWEI LIN,

                Defendants,

1:19-cv-09649-MKV

ORDER DENYING WITHOUT PREJUDICE MOTION FOR RULE 37 SANCTIONS

---

MARY KAY VYSKOCIL, United States District Judge:

      Plaintiff City Merchandise Inc. commenced this action in October 2019 against Defendants Tian Tian Trading Inc. and Weiwei Lin for copyright infringement under the Copyright Act of 1976, 17 U.S.C. §§ 101 *et seq*. [ECF No. 8]. Plaintiff alleges that Defendants, without authorization, created, displayed, and sold souvenir baseball items that bear a design that is strikingly and substantially similar to Plaintiff's copyrighted design. [ECF No. 8]. This litigation has been marked by a history of discovery issues and unresponsiveness by Defendants. A little over a year into this case, counsel for Defendants was given leave to withdraw and the Court ordered the corporate Defendant to retain counsel, [ECF Nos. 36, 37], since a corporation may not appear *pro se*. Defendant has failed to do so or to participate in discovery or otherwise defendant against or engage in this action.

      Plaintiff moves this Court for an Order striking Defendants' answers and directing the Clerk of Court to enter a default against Defendants. [ECF No. 47]. In support of this motion, Plaintiff submits a memorandum of law, (Pl. Br. [ECF No. 49]), and the Declaration of Edward Toptani, counsel for Plaintiff, with several exhibits attached, (Toptani Decl. [ECF No. 48]). Defendant did not respond to the motion. For the following reasons, Plaintiff's motion is denied without prejudice.

1

## BACKGROUND

### I. Defendants Fail To Respond To Discovery Requests

Plaintiff filed the Complaint in this action on October 19, 2019. [ECF No. 1]. Curt D. Schmidt of the Law Office of Joe Zhou & Associates PLLC filed a notice of appearance on behalf of Defendants on November 18, 2019, [ECF 18], and filed an answer for both Defendants, [ECF No. 20]. On November 20, 2019, the parties appeared before Judge Rakoff for the initial conference in the case. The next day, the Court entered a Scheduling Order, which set a discovery cut-off date of February 18, 2020. [ECF No. 21].

Plaintiff timely served its initial disclosures and discovery demands in accordance with the Scheduling Order. (Toptani Decl. ¶ 11). However, Defendants were dilatory with respect to their disclosure and discovery obligations. (Toptani Decl. ¶ 11; [ECF No. 22]). Defendants' initial disclosure were due on December 4, 2019, but were not served until January 10, 2020 and only after Plaintiff made a written demand. [ECF No. 22]. Defendants' responses to Plaintiff's discovery demands (*i.e.*, interrogatories and document requests) were due on December 14, 2019, but Defendants did not serve their responses until January 20, 2020, and again, only after two more written demands from Plaintiff. [ECF No. 22]. Defendants were also deficient in their responses. Defendants failed to verify their interrogatory responses and failed to produce requested basic documents such as purchase orders, invoices, shipping confirmations and evidence of payments received. [ECF No. 22].

On February 5, 2020, pursuant to Judge Rakoff's Individual Rules, Plaintiff initiated a conference call with chambers to request that the Court (1) either direct Defendants to produce the missing documents or permit Plaintiff to file a Rule 37 motion for incomplete discovery and (2) to extend Plaintiff's deadlines in the Scheduling Order based upon Defendants' discovery

failures. (Toptani Decl. ¶ 11; [ECF No. 22]). Defendants contended that all relevant material in Defendants' possession had been produced to Plaintiff. [ECF No. 22]. Judge Rakoff's clerk informed the parties that Judge Rakoff would rule on the dispute the next day. [ECF No. 22].

On February 6, 2020, this case was reassigned to me. On that same day, Defendants advised Plaintiff that they had in fact failed to produce all the relevant documents in response to Plaintiff's discovery demands and agreed to produce all relevant documents by February 14, 2020. (Toptani Decl. ¶ 12; [ECF No. 22]). Plaintiff agreed to refrain from seeking further Court intervention until its counsel had an opportunity to review Defendants' supplemental discovery responses. (Toptani Decl. ¶ 12; [ECF No. 22]).

Nonetheless, Defendants continued to respond to Plaintiff's discovery requests in a deficient manner. [ECF No. 22]. On February 14, 2020, Defendants produced their First Amended Responses to Plaintiff's Interrogatories and Requests for Production of Documents. [ECF No. 22]. In spite of their earlier representations that all relevant material in Defendants' possession had been produced, Defendants' First Amended Responses to Plaintiff's Interrogatories and Requests for Production of Documents included material changes from their initial responses, which Defendants described as the result of "misidentification and miscommunication." [*See* ECF No. 22]. Plaintiff also identified what it alleged were additional deficiencies in the First Amended Response, including that Defendants had failed to properly answer certain interrogatories (including the correct identities and addresses of Defendants' customers who purchased infringing merchandise), had produced illegible or unilaterally redacted documents, and failed to provide an oath from Defendant Weiwei Lin with respect to the amended responses to interrogatories. [ECF No. 22]. On February 21, 2020, after Plaintiff contacted Defendants about these deficiencies, Defendants stated that they would make

corrections by February 28, 2020 and agreed to further supplement their initial disclosure and interrogatory responses. [ECF No. 22].

On February 26, 2020, Plaintiff filed a letter advising the Court of these discovery issues and requesting an extension to the discovery deadline so as to give the parties time to resolve outstanding requests. [ECF No. 22]. On March 2, 2020, the Court granted Plaintiff's request and extended the fact discovery deadline to March 20, 2020. [ECF No. 23]. The Court directed the parties to file a joint status letter about the case, on or before March 13, 2020. [ECF No. 23].

## II.     Counsel For Defendants Moves To Withdraw

On March 4, 2020, counsel for Defendants, Mr. Schmidt, filed a heavily redacted motion to withdraw as attorney for Defendants Tian Tian Trading Inc. and Weiwei Lin. [ECF Nos. 24–26]. On March 26, 2020, the Court denied without prejudice Mr. Schmidt's motion to withdraw and ordered counsel for the parties, as well as a representative of Defendant Tian Tian Trading Inc., to appear telephonically for a status conference and pre-motion conference. [ECF 29].

On March 12, 2020, Plaintiff filed an individual pre-conference status report. [ECF No. 28]. Mr. Schmidt did not participate in the submission of the status letter in light of his pending motion to withdraw. (Toptani Decl. ¶ 16; [ECF No. 28]).

Counsel for the parties and Jiangang Lin, a representative of Tian Tian Trading Inc., telephonically participated in a status conference and pre-motion conference on April 21, 2020. [ECF No. 30]. At the Conference, the Court discussed with the parties the possible refiling of Mr. Schmidt's withdrawal motion and the Court advised Mr. Schmidt and Jiangang Lin that Tian Tian Trading Inc., as a corporation, may not appear *pro se*. (Toptani Decl. ¶ 18). Subsequent to the conference, the Court ordered that no later than May 1, 2020, Mr. Schmidt was required to either (i) file a renewed motion to withdraw with more appropriate redactions or (ii) file a letter


to the Court confirming that he has spoken to Defendants and providing an update on whether Defendants had secured substitute counsel. [ECF No. 30]. The Court, again, warned Defendant Tian Tian Trading Inc. that it could not appear *pro se*. [ECF No. 30].

Thereafter, Mr. Schmidt renewed his motion to withdraw as counsel for Defendants. [ECF Nos. 31–33]. In his application, Mr. Schmidt stated that "significant disagreements arose between the Defendants and their undersigned counsel over the conduct of the defense of this litigation" and that on February 27, 2020, he was informed that he was no longer authorized to represent Defendants in this action. [ECF No. 33]. The Court granted Mr. Schmidt's Motion to Withdraw, [ECF No. 36], and, for a third time, warned Defendants that corporate Defendant Tian Tian Trading Inc. cannot appear *pro se*. [ECF No. 36]. As such, the Court ordered that substitute counsel must enter an appearance in this case on or before February 12, 2021. [ECF No. 36]. On the same day, the Court also issued a Scheduling Order, (hereinafter referred to as the "January 13 Order") which required (i) Tian Tian Trading Inc. to retain substitute counsel on or before February 12, 2021; (ii) the parties to file a joint status letter on or before February 16, 2021; and (iii) the parties to appear for a telephonic status conference on February 23, 2021. [ECF No. 37]. The Scheduling Order concluded with the following admonition, in bold typeface: "**FAILURE TO COMPLY WITH THIS ORDER AND THE DEADLINES HEREIN MAY RESULT IN SANCTIONS, INCLUDING THE PRECLIUSION OF CLAIMS OR DEFENSES.**" [ECF No. 37].

### III. Defendants Fail To Comply With The Court's Order

To date, no substitute counsel has filed a notice of appearance on behalf of Defendants. Plaintiff purports to have emailed Defendants on February 15, 2021, advising Defendants that the January 13 Order required Tian Tian Trading Inc. to obtain substitute counsel by February 12,

2021; that a joint status letter was required to be filed by the parties on February 16, 2021; and that a telephonic status conference with the parties was set for February 23, 2021. (Toptani Decl. ¶ 23; Toptani Decl. Ex. 5). Because Defendants failed to respond to the aforementioned email, Plaintiff unilaterally filed a case status letter on February 16, 2021. (Toptani Decl. ¶ 24; [ECF No. 38]).

On February 23, 3021, Plaintiff's counsel telephonically appeared for the Court ordered status conference, but no counsel appeared on behalf of either Defendant and Weiwei Lin failed to appear personally. (Toptani Decl. ¶ 25; [ECF No. 39]). Subsequently, the Court issued a Scheduling Order, directing Plaintiff to "either file a letter advising the Court how it wishes to proceed with its prosecution or file a motion seeking appropriate relief." [ECF No. 39].

Before the Court is Plaintiff's Motion for an Order striking Defendants' answers and directing the Clerk of Court to enter a default against Defendants. [ECF No. 47].

## **DISCUSSION**

Rule 16(f) authorizes a district court to "issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney . . . fails to appear at a . . . pretrial conference" or "fails to obey a scheduling or other pretrial order." Fed. R. Civ. P. 16(f); *see also Yoon v. Jamaica French Cleaners, Inc.*, No. 12-CV-3845 RLM, 2014 WL 4199723, at *2 (E.D.N.Y. Aug. 22, 2014). The cited provisions of Rule 37, in turn, authorize sanctions including "striking pleadings in whole or in part" and "rendering a default judgment against the disobedient party." Fed. R. Civ. P. 37(b)(2)(A)(iii) & (vi). "Imposing sanctions pursuant to Rule 37 'is within the discretion of the district court.'" *World Wide Polymers, Inc. v. Shinkong Synthetic Fibers Corp.*, 694 F.3d 155, 159 (2d Cir. 2012) (quoting *John B. Hull, Inc. v. Waterbury Petroleum Prods., Inc.*, 845 F.2d 1172, 1176 (2d Cir. 1988)). Factors guiding the exercise of

discretion by the district court include the following: "(1) the willfulness of the non-compliant party or the reason for noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of the period of noncompliance; and (4) whether the non-compliant party had been warned of the consequences of . . . noncompliance." *Id.* (internal quotation marks omitted) (quoting *Agiwal v. Mid Island Mortg. Corp.*, 555 F.3d 298, 302 (2d Cir. 2009)).

The entry of a default judgment as a sanction is appropriate in the face of willful misconduct, "to achieve the purpose of Rule 37 as a credible deterrent 'rather than a paper tiger.'" *Update Art, Inc. v. Modiin Publ'g, Ltd.*, 843 F.2d 67, 71 (2d Cir. 1988) (quoting *Cine Forty–Second Street Theatre Corp. v. Allied Artists Pictures Corp.*, 602 F.2d 1062, 1064 (2d Cir. 1979)); *see also id.* at 70–72 (upholding judgment entered under Rule 37 in plaintiff's favor on copyright claims where defendants acted in bad faith and refused to comply with discovery orders). While dispositive relief is a severe sanction that should be granted only sparingly, *see World Wide Polymers*, 694 F.3d at 159, a "continuing saga of dilatory conduct" will satisfy the threshold for entering a default judgment under Rule 37, *U.S. Freight Co. v. Penn Cent. Transp. Co.*, 716 F.2d 954, 955 (2d Cir. 1983). "[H]ere, as in other areas of the law, the most severe in the spectrum of sanctions provided by statute or rule must be available to the district court in appropriate cases, not merely to penalize those whose conduct may be deemed to warrant such a sanction, but to deter those who might be tempted to such conduct in the absence of such a deterrent." *Sieck v. Russo*, 869 F.2d 131, 134 (2d Cir. 1989) (quoting *National Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639, 643 (1976)).

Notwithstanding numerous reminders by Plaintiff and warnings by the Court as to potential consequences of non-compliance, Defendants have failed to comply with the January 13 Order. [ECF Nos. 36, 37]. Defendants were directed to retain counsel for corporate

Defendant Tian Tian Trading Inc. on or before, February 12, 2021. [ECF No. 37]. Almost a year later, Defendants have yet to comply with this order. That Order also directed the parties to submit a *joint* status letter on or before February 16, 2021. [ECF No. 37]. Defendants similarly disregarded that Order. (Toptani Decl. ¶ 24; [ECF No. 38]). Defendants also failed to appear at the Court ordered status conference on February 23, 2021. (Toptani Decl. ¶ 25; [ECF No. 39]). In the Court's Order, the Court specifically admonished Defendants, in all capital letters and boldface type, that failure to comply with the deadlines in that order "**MAY RESULT IN SANCTIONS, INCLUDING THE PRECLIUSION OF CLAIMS OR DEFENSES.**" [ECF No. 37].

The corporate Defendant Tian Tian Trading Inc. has been warned multiple times that it may not proceed *pro se*. [ECF Nos. 30, 36, 37]. It has been warned in writing once of the consequences of failing to comply with the January 13 Order, which addressed both representation of the corporate defendant and the schedule for the conduct of the case, and has disregarded that order. Both the corporate and individual defendants have effectively defaulted in their obligation to defend against the claims.

"[W]hile *pro se* litigants may in general deserve more lenient treatment than those represented by counsel, all litigants, including *pro ses*, have an obligation to comply with court orders. When they flout that obligation they, like all litigants, must suffer the consequences of their actions." *McDonald v. Head Criminal Court Supervisor Officer*, 850 F.2d 121, 124 (2d Cir. 1988). Nonetheless, discretion typically leads Courts to afford *pro se* litigants at least more than one warning before imposing sanctions. *See, e.g.*, *Valentine v. Museum of Modern Art*, 29 F.3d 47, 50 (2d Cir. 1994) (affirming a District Court dismissal where "the record reveals [*pro se* plaintiff's] sustained and wilful intransigence in the face of *repeated* and explicit warnings from

8

the Court." (emphasis added)); *Shukla v. Deloitte Consulting LLP*, No. 19-CV-10578 (AJN), 2021 WL 3721349, at *1 (S.D.N.Y. Aug. 20, 2021) (dismissing complaint pursuant to Rule 37 where *pro se* plaintiff "repeatedly flouted the Court's orders and disobeyed its clear instructions") (Nathan, J.); *Lewis v. Marlow*, No. 17-CV-8101 (KMK), 2021 WL 2269553, at *7 (S.D.N.Y. June 3, 2021) (granting Defendants' Motion To Dismiss pursuant to Rule 37 where *pro se* plaintiff "persistent[ly] and defiant[ly] refus[ed] to comply with the Court's discovery orders over the course of nearly a year"). Dispositive relief against a *pro se* party "is a drastic remedy and should not be imposed if other alternatives would be appropriate." *Shukla*, 2021 WL 3721349, at *3. As such, the Court will not proceed directly to dispositive relief for Plaintiff before giving Defendants one more chance to show cause why they should not be sanctioned for a failure to comply with the January 13 Order.

## CONCLUSION

For the reasons stated herein, Plaintiff's Motion for an Order striking Defendants' answers and directing the Clerk of Court to enter a default against Defendants is DENIED without prejudice.

The Court, however, will not allow Defendants' unresponsive and dilatory conduct to continue.

As such, IT IS HEREBY ORDERED that Defendants show cause before this Court, in Courtroom 18C of the Daniel Patrick Moynihan Courthouse, 500 Pearl Street, New York, New York, on April 19, 2022 at 2:00 PM, why an order should not be issued pursuant to Rule 37 of the Federal Rules of Civil Procedure, striking the Answers filed by Defendants Tian Tian Trading Inc. and Weiwei Lin and directing the clerk to enter default for Defendants for Defendants' failure to comply with the Court's Orders dated January 13, 2021 directing Defendants to retain

substitute counsel, coordinate with Plaintiff to file a joint status letter outlining the state of discovery, and to appear for a status conference on February 23, 2021.

IT IS FURTHER ORDERED Plaintiff is directed to serve a copy of this order and the Court's Orders at ECF Nos. 36 and 37 on *pro se* Defendants by personal service and to file proof of service with the court on or before March 8, 2022.

IT IS FURTHER ORDERED that any papers in opposition to this Order to Show Cause shall be filed on or before April 5, 2022.

IT IS FURTHER ORDERED that any reply papers shall be filed on or before April 12, 2022.

**FAILURE TO COMPLY WITH THIS ORDER AND THE DEADLINES HEREIN MAY RESULT IN SANCTIONS, INCLUDING THE STRIKING OF DEFENDANTS' ANSWERS AND AN ENTRY OF A DEFAULT JUDGMENT AGAINST DEFENDANTS.**

The Clerk of Court is respectfully requested to terminate docket entry 47.

**SO ORDERED.**

Date: **February 28, 2022**
**New York, NY**

**MARY KAY VYSKOCIL**
**United States District Judge**