UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:   9/1/2022
```

CITY MERCHANDISE INC.,

        Plaintiff,

-against-

TIAN TIAN TRADING INC. and WEIWEI LIN,

        Defendants,

1:19-cv-09649-MKV

<u>ORDER SANCTIONING
DEFENDANTS</u>

MARY KAY VYSKOCIL, United States District Judge:

        The history of Defendants' noncompliance with their discovery obligations and this Court's orders is recounted in the Court's Order to Show Cause filed at ECF No. 52.  A little over a year into this case, counsel for Defendants was given leave to withdraw and the Court ordered the corporate Defendant to retain counsel, [ECF Nos. 36, 37], since a corporation may not appear *pro se*.  Defendant has failed to do so or to participate in discovery or otherwise engage in this action.

        On April 16, 2021, Plaintiff moved this Court for an Order striking Defendants' answer and directing the Clerk of Court to enter a default against Defendants.  [ECF No. 47].  The Court denied without prejudice Plaintiff's Motion and directed Defendants to show cause before this Court on April 19, 2022 at 2:00 PM, why an order should not be issued pursuant to Rule 37 of the Federal Rules of Civil Procedure, striking the Answers filed by Defendants Tian Tian Trading Inc. and Weiwei Lin and directing the clerk to enter certificates of default against Defendants by reason of Defendants' failure to comply with the Court's prior orders, including the corporate defendant's failure to appear and the failure of defendants to provide discovery.  [ECF No. 52]. The Court directed Plaintiff to serve a copy of the Court's Orders at ECF Nos. 36, 37, and 52 on Defendants by personal service.  [ECF No. 52].

On April 19, 2022 at 2:00 PM, the Court convened for the Show Cause hearing. Plaintiff's counsel was in attendance, but neither Defendant appeared. The Court inquired of Plaintiff as to whether service of the Court's Orders had been affected by Plaintiff in compliance with the Court's Order to Show Cause. Plaintiff complied with the Court's order with regard to the corporate Defendant Tian Tian Trading Inc. [*see* ECF No. 53], but stated that he was unable to personally serve the individual Defendant, Weiwei Lin, who is the alleged owner of the corporate defendant. Plaintiff advised the Court that he did not file a letter requesting leave to serve Defendant Weiwei Lin by alternative service, *i.e.*, email, because he assumed that Defendant Weiwei Lin, who had entered an appearance on the Docket, received ECF notifications of Court orders. Plaintiff further advised the Court that he had previously communicated with Defendant Weiwei Lin through the email address listed on the Docket.

In order to ensure that the individual Defendant was aware of the Court's Order to Show Cause and provide Defendants one last opportunity to respond to Plaintiff's request for sanctions, the Court directed Plaintiff to serve the Court's Order to Show Cause on Defendant Weiwei Lin by email on April 19, 2022. [ECF No. 56]. The Court further ordered Defendant Weiwei Lin to respond by April 22, 2022 why an order should not be issued pursuant to Rule 37 of the Federal Rules of Civil Procedure, striking the Answers filed by Defendants Tian Tian Trading Inc. and Weiwei Lin and directing the clerk to issue certificates of default. [ECF No. 56]. The Court admonished Defendants, in all bold, underlined, capital letters, that it was their last opportunity to respond to Plaintiff's Motion and that a failure to respond to the Court's Order by April 22, 2022 may result in sanctions. [ECF No. 56]. Plaintiff filed a certificate of service, indicating that Plaintiff had served on Defendant Weiwei Lin, via email, the Court's Order for the corporate Defendant to retain counsel, the Court's Order to Show Cause why Defendants should not be

2

sanctioned, and the Court's Final Order for Defendant Weiwei Lin to respond to the Court's Order to Show Cause by April 22, 2022. [ECF No. 57]. To date, neither Defendant has responded to the Court's Order to Show Cause.

## DISCUSSION

A court may impose sanctions under Rule 37(b)(2)(A) "[i]f a party . . . fails to obey an order to provide or permit discovery." Fed. R. Civ. P. 37(b)(2)(A). Sanctions may include "striking pleadings in whole or in part." Fed. R. Civ. P. 37(b)(2)(A)(iii). The district court has broad discretion to order sanctions under Rule 37. *Shcherbakovskiy v. Da Capo Al Fine, Ltd.*, 490 F.3d 130, 135 (2d Cir. 2007). In assessing the appropriate sanction under this rule, Courts are guided by several non-exclusive factors including: "(1) the willfulness of the non-compliant party or the reason for non-compliance; (2) the efficacy of lesser sanctions; (3) the duration of the period of noncompliance; and (4) whether the non-compliant party had been warned of the consequences of noncompliance." *S. New England Tel. Co. v. Global NAPs Inc.*, 624 F.3d 123, 144 (2d Cir. 2010) (citation and internal quotation marks omitted). Though *pro se* litigants may generally deserve more lenient treatment than those represented by counsel, all litigants, including *pro ses*, have an obligation to comply with court orders. Accordingly, "[w]hen they flout that obligation they, like all litigants, must suffer the consequences of their actions." *McDonald v. Head Criminal Court Supervisor Officer*, 850 F.2d 121, 124 (2d Cir. 1988).

Defendants were directed to retain counsel for corporate Defendant Tian Tian Trading Inc. on or before February 12, 2021. [ECF No. 37]. Over a year later, Defendants have yet to comply with this Order. The Order also directed the parties to submit a joint status letter on or before February 16, 2021. [ECF No. 37]. Defendants similarly disregarded that Order. (Toptani Decl. [ECF No. 48] ¶ 24); [ECF No. 38]. Defendants also failed to appear at the Court ordered

status conference on February 23, 2021.  (Toptani Decl. ¶ 25); [ECF No. 39].  In the Court's Order directing Defendants to retain counsel, the Court specifically admonished Defendants, in all capital letters and boldface type, that failure to comply with the deadlines in that order "**MAY RESULT IN SANCTIONS, INCLUDING THE PRECLUSION OF CLAIMS OR DEFENSES**." [ECF No. 37].

In response to Plaintiff's Motion for Sanctions, the Court ordered Defendants to appear for a hearing on April 19, 2022, to show cause why an order should not be issued pursuant to Rule 37 of the Federal Rules of Civil Procedure, striking the Answers filed by Defendants and directing the clerk to enter certificates of default against Defendants for Defendants' failure to comply with the Court's Orders dated January 13, 2021 directing Defendants to retain substitute counsel, to coordinate with Plaintiff to file a joint status letter outlining the state of discovery, and to appear for a status conference on February 23, 2021.  [ECF No. 52].  The Court again warned Defendants, in all capital letters and boldface type, that "**FAILURE TO COMPLY WITH THIS ORDER AND THE DEADLINES HEREIN MAY RESULT IN SANCTIONS, INCLUDING THE STRIKING OF DEFENDANTS' ANSWERS AND AN ENTRY OF A DEFAULT JUDGMENT AGAINST DEFENDANTS**."  [ECF No. 52].  Defendants failed to appear for the show cause hearing or otherwise respond to the Order to Show Cause.  [ECF No. 56].

The Court subsequently afforded Defendant Weiwei Lin one last opportunity — until April 22, 2022 — to respond to Plaintiff's request for sanctions.  [ECF No. 56].  For a third time, the Court warned Defendants, in all bold, underlined, capital typeface, that "**FAILURE TO RESPOND TO THIS COURT'S ORDER BY APRIL 22, 2022 MAY RESULT IN SANCTIONS, INCLUDING THE STRIKING OF DEFENDANTS' ANSWERS AND AN**

**ENTRY OF A DEFAULT JUDGMENT AGAINST DEFENDANTS.**" [ECF No. 56]. To date, neither Defendant has responded, and the corporate defendant has failed for over a year to retain counsel and both defendants have failed to participate in this case through counsel or otherwise.

Defendants have now disregarded three Court Orders [ECF Nos. 37, 52, 56] and, as a result, this case has been stalled for over two years. *See Local Union No. 40 of the Int'l Ass'n of Bridge v. Car-Win Constr.*, 88 F. Supp. 3d 250, 265-66 (S.D.N.Y. 2015) ("[D]urations of time as brief as a few months have been held to weigh in favor of dispositive sanctions.") (collecting cases). Defendants have been warned multiple times of the potential consequences of their failure to abide by the Court's orders or to participate in discovery, or to in any way defend against this action. *See Lopez v. J&K Floral USA, Inc.*, 307 F. Supp. 3d 257, 259 (S.D.N.Y. 2018) (striking defendants' answer after defendants were "warned about potential sanctions" yet continued to disregard discovery orders). Moreover, Defendants' failure to "otherwise defend" this action in any way since 2020 further warrants an entry of default. *See Hounddog Prods. LLC v. Empire Film Grp., Inc.*, 767 F. Supp. 2d 480, 486 (S.D.N.Y. 2011) (defendant's failure to "otherwise defend" the action after filing an answer warranted default pursuant to Rule 55(a)). Accordingly, striking Defendants' answer is warranted.

Because the Court strikes Defendants' answer, Defendants will now be in default under Federal Rule of Civil Procedure 55(a). *See*, *e.g.*, *Coastal Inv. Partners, LLC v. DSG Glob., Inc.*, No. 17-CV-4427 (PKC), 2020 WL 4887023, at *1 (S.D.N.Y. Aug. 19, 2020) (striking defendant's answer and entering a default pursuant to Rule 55(a)); *Inga v. Nesama Food Corp.*, No. 20CV00909ALCSLC, 2021 WL 3617191, at *2 (S.D.N.Y. Aug. 16, 2021) (same).

## CONCLUSION

For these reasons, the Court strikes Defendants' answer [ECF No. 20] in its entirety and directs the clerk of court to enter certificates of default against all Defendants pursuant to Rule 55(a). Plaintiff shall be permitted to apply for a default judgment against Defendants on each of its claims. Plaintiff shall file any motion for entry of a default judgment on or before October 1, 2022.

The Clerk of Court is respectfully requested to strike Defendants' answer at docket entry 20 and enter Certificates of Default against both Defendants.

The Clerk of Court is also respectfully requested to mail this order to the *pro se* Defendants at their addresses of record.

**SO ORDERED.**

Date: **September 1, 2022**
**New York, NY**

_____
**MARY KAY VYSKOCIL**
**United States District Judge**